IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| BUBBLES, INC.<br><br>    Plaintiff,<br><br>v.<br><br>SIBU, LLC,<br><br>    Defendant. | Civil Action No. 1:13cv260 AJT/TRJ |

**RESPONSE TO PLAINTIFF BUBBLES, INC.'S MOTION TO COMPEL**

This is an action brought by Bubbles, Inc., a Virginia Corporation, ("Plaintiff") against Sibu, LLC, a Utah Limited Liability Company ("Defendant") alleging a claim of trademark infringement.  The trademarks at issue are registered, and those registrations have coexisted for at least eight (8) years.  Plaintiff alleges one (1) instance of actual confusion, and the parties do not provide products within 2,000 miles of each other.

This case originated in the Trademark Trial and Appeal Board ("TTAB").  The TTAB proceeding was suspended when Defendant filed suit in its home state of Utah.  Plaintiff was successful in dismissing Defendant's infringement action in Utah based on lack of personal jurisdiction, claiming no ties to Utah (and thus precluding a likelihood of confusion in Utah and surrounding regions).  Plaintiff then filed suit in this Court in its home district; although Defendant does not provide any products in Virginia, it has accepted jurisdiction so that this matter could be expeditiously resolved.

On June 27, 2013, Plaintiff delivered Interrogatories and a Request for Production of Documents to Defendant. Plaintiff agreed to a short extension of time to respond, and Defendant provided documents and responses to the Interrogatories on August 6, 2013. On August 8, 2013, Plaintiff indicated that it was dissatisfied with several responses, and requested Defendant to supplement its answers and documents.

Defendant satisfied many of Plaintiff's demands regarding discovery, but on August 28, 2013, Plaintiff stated there were some remaining insufficient responses, and that Defendant was to remedy them by August 29, 2013. In an attempt to address some concerns and limit the issues, Defendant filed a Motion to Withdraw its Counterclaim Without Prejudice on August 28, 2013. Plaintiff filed this Motion to Compel on August 30, 2013.

Plaintiff has objected on procedural grounds to Defendant's discovery responses and has refused to allow Defendant to withdraw its counterclaim without prejudice. Although Defendant disagrees with Plaintiff's on many substantive and procedural issues, Defendant will continue to act in the spirit of cooperation on all matters related to discovery and resolution of this matter. Defendant has not avoided responding to discovery, and Plaintiff makes no claim that Defendant has failed to provide responses. This Motion was filed by Plaintiff based on its opinion that Defendant's responses were insufficient and incomplete.

Accordingly, although Defendant believes it has been forthcoming with its responses and its continuing efforts to supplement discovery, it will work with Plaintiff to fill in any perceived gaps in a timely fashion.

Defendant specifically responds to Plaintiff's Motion as follows:

**General Objections:** Defendant waives all general objections.

**Interrogatory No. 4:** Identify and describe all communications between SIBU and any other person pertaining to the events referenced in the pleadings.

**Response:** Defendant states that numerous conversations have been held between Bruce McMullin, Peter McMullin and Dustin McMullin regarding the events referenced in the pleadings, as well as conversations with counsel regarding the litigation between the parties.

Furthermore, Bruce McMullin spoke with Bubbles, Inc.'s attorney sometime in or around Spring 2010. Bruce McMullin also left a message for Bubbles, Inc.'s owner in or around December, 2010, but did not speak directly with any individual.

**Analysis:** Plaintiff is dissatisfied with the way that Defendant identified and described conversations regarding evidence and has required "every discoverable fact" in this response. Defendant is willing to provide responsive documentation, but remains unsure what type of information Plaintiff is looking for.

In its response to Document Request No. 10, Defendant stated that it is not aware of any documents reflecting communications regarding the events referenced in the pleadings. Furthermore, Defendant is unable to memorialize the content of all conversations relevant to the proceedings, but Defendant's position regarding the events leading to this proceedings is set forth in the pleadings and already provided documents.

Plaintiff has scheduled the depositions of Defendant's corporate representative, and three (3) witnesses (one of which is the Rule 30(b)(6) representative). Given that there are no documents identified in Request No. 10, any conversations can be inquired

about under oath to any and all of the three individuals. At that time, Plaintiff would have the opportunity to tailor the inquiry in such a way as to allow the witnesses to understand exactly what Plaintiff is looking for.

**Interrogatory No. 7/ Request No. 9:** Describe and itemize all of the damages, fees, and costs you seek in this action. For each element of damages, fees, and costs you seek in this action, your answer should, without limitation: (a) set forth the amount of damages, fees, or costs sought; and (b) Describe all facts upon which you rely to support the claim for that element of damages fees, or costs.

**Response:** See Defendant's response to Interrogatory No. 5 (stating that Plaintiff will not pursue its counterclaim due to lack of actual confusion or likelihood of confusion between the marks at issue as they are currently used, and that Plaintiff did not identify in its initial disclosures any evidence of actual confusion. Defendant also indicated that it would reserve the right to continue its objection against one of Plaintiff's intent-to-use trademark applications).

As a result of Defendant's decision to not pursue its counterclaim, Defendant is no longer seeking any damages. However, if Defendant prevails it will seek an award of its costs, the total amount of which is yet to be determined. Defendant will submit a memorandum of costs at the appropriate time.

**Analysis:** Based on information learned through discovery, Defendant has learned that is no actual confusion, so no damages are available to either party.

**Interrogatory No. 11:** Describe all products or services that are offered or sold by You bearing or using any of the SIBU Marks. For each such product or service your answer should: (a) set forth the name of the product or service; (b) set forth the date the

product or service was first offered for sale; (c) describe the product or service; (d) for a product, describe all ingredients of the product, (e) for a product, identify each person that distributes or sells the product; and (f) identify all persons with knowledge of the facts set forth in your answer.

**Response:** See the attached spreadsheet setting forth all products, launch date, description and distribution. Ingredient information can be found at www.sibubeauty.com. With regard to the person most knowledgeable regarding the product facts set forth above, Defendant identifies Bruce McMullin and Peter McMullin.

**Analysis:** Interrogatory No. 11 is a six-part interrogatory, to which Plaintiff ultimately objected to ingredient information about two (2) products that could be found on Defendant's website. However, in order to file a Motion to Compel, Plaintiff has scoured Defendant's responses to try and create a list of incomplete responses. For less effort, Plaintiff could have found the information on Defendant's website.

Nevertheless, Defendant will also provide ingredients for the two products referenced in Interrogatory No. 11.

**Document Request No. 17:** All federal and state trademark applications and registrations for any of the SIBU marks and all materials submitted by You in support of such applications or registrations.

**Response:** Defendant will produce these documents once it is received from prior counsel.

**Analysis:** This request is similar to Interrogatory No. 11 whereby Plaintiff could have easily required the most basic of trademark documents; the applications and registrations for SIBU. Although Defendant has not yet not provided those documents

this is a trademark matter, and it requires little effort for Plaintiff to enter the United States Patent and Trademark Office website at www.uspto.gov , search for the word SIBU, and click the boxes allowing for online downloading of file histories. As Plaintiff has asked the court to intercede in the acquisition of public records, Defendant will make no argument, and will download the files for Plaintiff.

In Plaintiff's Motion to Compel, it alludes to Request Nos. 1 and 8, but does not indicate what is deficient about those responses. Request No. 1 asks for all documents referenced in the pleadings, and Request No. 8 essentially asks the same request, narrowing the request to Defendant's counterclaim. In those responses, Defendant indicated that it has provided all relevant documents. To the extent that Defendant understands the request to refer to USPTO files, Defendant will provide those documents as stated above.

**Document Request No. 8:** All documents that reference, evidence, demonstrate, or otherwise reflect the facts upon which you relied in setting forth any allegation, contained in Counterclaim Plaintiff Sibu, LLC's Counterclaim Against Defendant Bubbles, Inc.

**Response:** Defendant either attached all referenced documents or such documents are publicly available at www.sibubeauty.com or www.cibuinternational.com, or from the United States Patent and Trademark Office.

**Analysis:** With regard to Defendant's counterclaim, Plaintiff is insisting that Defendant either dismiss the counterclaim with prejudice or provide documents and interrogatory responses supporting the original counterclaim. In an attempt to narrow the issues at trial, Defendant has offered to withdraw the counterclaim without prejudice.

That counterclaim is based on trademark applications featuring similar wording in their respective identification of goods. However, after further review, it is clear that the remaining likelihood of confusion factors are not met, even in that case. Particularly, there is no evidence of actual confusion, the marks at issue differ in sound and appearance, the channels of trade differ, and there is no bad faith intent based on the Patent and Trademark Office's continued approval of both parties marks. Of these factors, much of this information has been learned through discovery.

Should the court require Defendant to maintain its counterclaim, it will withdraw its previously filed Motion to Dismiss its Counterclaim and will provide documents and interrogatory responses based on information it had as of the time of the counterclaim.

**Document Request Nos. 20, 21, and 23:**

**No. 20:** All Documents which evidence, demonstrate, or otherwise reflect any revenues derived by You from the sale of any products or services associated with any of the SIBU marks.

**No. 21:** All Documents which evidence, demonstrate, or otherwise respect expenses or taxes incurred by You in relation to the sale of any products or services associated with any of the SIBU Marks.

**No. 23** All Documents that reference evidence, demonstrate, or otherwise reflect any customer complaint regarding any product or service marketed, offered for sale, or sold using any of the SIBU Marks.

**Response:** Defendant will produce the requested documents upon entry of an appropriate protective order to protect its commercially sensitive information that if provided to its competitors would harm Defendant's business.

**Analysis:** Defendant is intending to provide these documents, and Defendant is still compiling the sales, financials, and customer satisfaction information requested by Plaintiff. Defendant had supplemented the initial responses on August 23rd, and Plaintiff objected to those Supplemented Responses on August 28th, two days before filing the Motion to Compel.

Given that Defendant was unaware that Plaintiff was dissatisfied with its supplemented responses until August 28th, it is not reasonable to acquire, review, and provide eight (8) years of financial and sales data in two (2) days. Nevertheless, Defendant will provide responsive documents to Request for Production of Documents Nos. 20, 21, and 23.

Furthermore, Plaintiff has asked Defendant to provide non-redacted documents, given that the parties consented to a Protective Order. Defendant originally provided responses before the Protective Order was in effect (Consent Protective Order was entered on August 13, 2013, which was after Defendant submitted its originally redacted responses). Accordingly, in response to Plaintiff's requests regarding redacted documents, Defendant will provide responsive documents with the appropriate confidentiality designations.

                                                                              Respectfully Submitted,

                                                                              Sibu, LLC

                                                                              /s/ Jon A. Schiffrin

                                                                              Jon A. Schiffrin, Esq.
                                                                              **SCHIFFRIN & LONGO, P.C.**
                                                                              8201 Greensboro Drive, Suite 300
                                                                              McLean, Virginia 22102

                                          (703) 288-5248  
                                        (703) 288-4003 (facsimile)  
                                        jon@schiffrinlaw.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **RESPONSE TO PLAINTIFF'S MOTION TO COMPEL** will be served electronically via the CM/ECF system on xxxxxxxxx, to the following counsel of record:

Jonathan D. Frieden, Esq.
Stephen A. Cobb, Esq.
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Ave., Suite 400
Reston, VA 20190
(703) 218-2100
Stephen.cobb@ofplaw.com
*Counsel for Plaintiff*

                                              _____/s/_____
                                              Jon A. Schiffrin
                                              *Counsel for Defendant*