IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| BUBBLES, INC.<br><br>    Plaintiff,<br><br>v.<br><br>SIBU, LLC,<br><br>    Defendant. | Civil Action No. 1:13cv260 AJT/TRJ |

**PLAINTIFF'S BRIEF IN SUPPORT OF**
**SECOND MOTION TO COMPEL DISCOVERY RESPONSES**

Plaintiff Bubbles, Inc. ("*Bubbles*" or "*Plaintiff*"), by counsel and pursuant to the Federal Rules of Civil Procedure, files this Brief in Support of its Second Motion to Compel Discovery Responses against Defendant SIBU, LLC ("*SIBU*" or "*Defendant*"), setting forth the following:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This matter arises out of a trademark dispute between Bubbles and SIBU. Bubbles is primarily engaged in the business of operating hair salons and selling beauty products to the public. It is the owner of a United States Trademark Registration for the trademark "CIBU" (the "*Mark*"), which it has used to market and sell hair care products since 2003. Beginning in 2005, SIBU filed for several trademark registrations including "SIBU THE SEABUCKTHORN COMPANY", "SIBU", and the design plus word mark "SIBU" (collectively, the "*Infringing Marks*"). SIBU's use of the Infringing Marks to market and sell its own beauty products is likely to and has caused actual consumer confusion and constitutes trademark infringement.

On February 25, 2013, Bubbles filed a Complaint against SIBU setting forth claims for trademark infringement, unfair competition and seeking to cancel the Infringing Marks. (Doc.

No. 1). In response, SIBU filed its Answer and Affirmative Defenses, which included a Counterclaim purporting to set forth claims for trademark infringement and unfair competition in connection with the Mark and the Infringing Marks. (Doc. No. 12).

On June 27, 2013, Bubbles served its First Set of Interrogatories ("***Interrogatories***")[1] and First Request for Production of Documents ("***Document Requests***")[2] (Interrogatories and Document Requests collectively, "***Discovery Requests***") to SIBU via hand-delivery. Though SIBU's objections to the Discovery Requests were due no later than July 12, 2013 pursuant to Local Rule 26(C) of the Local Rules for the United States District Court for the Eastern District of Virginia (the "***Local Rules***"), SIBU failed to file any objections by that date. It was not until August 6, 2013 that SIBU served its first responses to the Interrogatories ("***SIBU's First Interrogatory Responses***")[3] and first responses to the Document Requests ("***SIBU's First Responses to the Document Requests***")[4]. SIBU's responses contained a number of general objections, which, in addition to being impermissible pursuant to settled case law, had been waived by SIBU's failure to serve timely objections pursuant to the Local Rules of this Court. By letter dated August 8, 2013, counsel for Bubbles set forth the deficiencies it perceived in SIBU's responses to the Discovery Requests and requested that SIBU supplement its responses, without objection.[5]

On August 21, 2013, SIBU served its Supplemental Responses to the Interrogatories ("***Supplemental Interrogatory Responses***")[6] and, on August 23, 2013, forwarded additional

---

[1] A true and accurate copy of the Interrogatories is attached hereto as <u>Exhibit A</u>.
[2] A true and accurate copy of the Document Requests is attached hereto as <u>Exhibit B</u>.
[3] A true and accurate copy of SIBU's First Interrogatory Responses is attached hereto as <u>Exhibit C</u>.
[4] A true and accurate copy of SIBU's First Responses to the Document Requests is attached hereto as <u>Exhibit D</u>.
[5] A true and accurate copy of the August 8, 2013 letter is attached hereto as <u>Exhibit E</u>.
[6] A true and accurate copy of the Supplemental Interrogatory Responses is attached hereto as <u>Exhibit F</u>.

documents responsive to the Document Requests via electronic mail.[7] After reviewing SIBU's supplemental responses to the Discovery Requests, Bubbles again sent a letter on August 28, 2013 outlining the remaining deficiencies and requesting that SIBU withdraw its objections as they had been waived.[8] SIBU failed to provide supplementation pursuant to Bubbles' August 28, 2013 letter.

Accordingly, on August 30, 2013, Bubbles filed a Motion to Compel. (Doc. Nos. 34 & 35). In response, SIBU filed an opposition where it expressly withdrew and waived all objections. Specifically, SIBU represented that it "is not withholding any documents or responses based on those objections."[9] Further, SIBU maintained that it had provided all responsive documents, with the exception of those pertaining to the factual basis for its Counterclaim. On September 5, 2013, the Honorable T. Rawles Jones Jr. granted Bubbles's Motion to Compel and required SIBU to supplement its responses no later than September 10, 2013.

With discovery closing imminently, on September 9, 2013, Bubbles, by counsel, took the depositions of Peter and Dusty McMullin, President and CFO (respectively) of Defendant SIBU. After these depositions, SIBU produced a series of documents, not previously produced, and once again supplemented its interrogatory answers—in some cases completely changing the factual predicate of its answers.[10] Two days later, Bubbles, by counsel, took the Rule 30(b)(6) deposition of SIBU by and through its CEO, Bruce McMullin. During the course of these depositions it became apparent that a series of documents and disclosures both required under

---

[7] A true and accurate copy of the August 23, 2013 email is attached hereto as <u>Exhibit G</u>.
[8] A true and accurate copy of the August 28, 2013 letter is attached hereto as <u>Exhibit H</u>.
[9] *See* Letter from Joel Zenger, Esq. to Jonathan Frieden, Esq. and Stephen Cobb, Esq. A true and accurate copy of this correspondence is attached hereto as <u>Exhibit I</u>.
[10] A true and accurate copy of SIBU's Supplemental Responses are attached hereto as <u>Exhibit J</u>.

Rule 26(a)(1) and responsive to Bubbles's First Interrogatories and First Document Requests had not been provided. The failure to make these disclosures and produce these documents is a violation of both the Federal Rules of Civil Procedure and this Court's Order of September 5, 2013.

## II.    ARGUMENT[11]

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Under Rule 26 of the Federal Rules of Civil Procedure (such rules, the "**Federal Rules**"), relevance for purposes of discovery "has been 'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Gibbs v. Smitherman*, 2011 WL 5325601, at *2 (E.D.N.C. Nov. 3, 2011).

### A.    THE DEPOSITIONS OF SIBU PRESIDENT PETER MCMULLIN, SIBU CFO DUSTY MCMULLIN, AND SIBU CORPORATE DESIGNEE BRUCE MCMULLIN HAVE DEMONSTRATED THAT SIBU'S INITIAL DISCLOSURES AND RESPONSES TO INTERROGATORIES ARE DEFICIENT.[12]

Despite outlining the deficiencies in SIBU's Interrogatory Responses and despite SIBU's proffer that all responses had been answered in full, Bubbles has not received full and complete answers from SIBU.

First, Interrogatory No. 2 (and in conjunction with the disclosure required under Fed. R. Civ. P. 26(a)(1)) asks SIBU to "Identify all persons who you believe have knowledge of facts which relate to the allegations set forth in the pleadings." In response, SIBU only listed three individuals: Bruce McMullin, Peter McMullin, and Dusty McMullin. SIBU identified the same

---

[11] SIBU has completed some supplementation at this point, the completeness of that supplementation is unknown at the time of filing.
[12] The Deposition Transcript is not yet available, but to the extent SIBU disputes any of the characterizations herein, the transcript can and will be provided to the Court in adequate time for the hearing on this motion.

4

individuals in its SIBU's 26(a)(1) disclosures. However, during the aforementioned depositions, it became evident that the identity and existence of several individuals with relevant knowledge had been withheld.

By way of example, nowhere in its Interrogatory responses or Initial Disclosures did SIBU identify any of the four vendors and outside consultants that it utilized to both select the name SIBU and to market SIBU products. SIBU did not provide the contact information for these entities nor the names of those who worked for these organizations. Moreover, SIBU failed to identify five other SIBU employees (including a former President of the company) who admittedly have information about SIBU's marketing and sales channels, use of the marks at issue in this action, customer service complaints, SIBU accounting, and web advertising/social media.

In total, the depositions have revealed SIBU's failure to identify the Identity (as defined in the First Discovery Requests) of the following individuals: a number of SIBU's current and past employees (including, without limitation, Varlin Law, Dave Cattani, Clint McKinley, Alex Flores, Ashley Jantzen, Sandra Arnold, Amber-Lynn Lamoreaux, and Annette Nichol.); the employees and agents of Love Communications with whom SIBU had dealings (including, without limitation, Preston Woods, Trent Wall, and Bryan Nielsen); the employees and agents of Avatar Marketing with whom SIBU had dealings; all of the employees and agents of O'Hara Group with whom SIBU had dealings (including, without limitation, Katherine O'Hara); the employees and agents of Hachette Filipacchi Media with whom SIBU had dealings; the employees and agents of integrated media group with whom SIBU had dealings (including, without limitation, Jeff Hilton); Charlie Perrer; Dr. Berry; the Medicine Hunter; Gerry Curatola;

Dr. Andrew Weild; Dr. Marcus; Michael Theodore; SIBU's approximately 50 "brokers"; and SIBU's web developers and operators. The identity of these individuals is responsive to the Interrogatories and is required to be provided by SIBU pursuant to Federal Rule 26(a)(1).

Similarly, Interrogatory No. 6 requests a description of "all studies (including, without limitation, all formal or informal analysis, investigation, surveys, focus groups, consumer research, and other information or reports) that You contend support any of your claims." Despite testifying to the existence of research and reports conducted by Hachette Filipacchi Media and Love Communications, no such reports were identified in the Interrogatory responses.

Bubbles is now in the position, at the close of discovery, where several additional depositions need to be taken and subpoenas issued, but does not have the ability to do so because SIBU failed to make the appropriate disclosures.

### B. THE DEPOSITIONS OF SIBU PRESIDENT PETER MCMULLIN, SIBU CFO DUSTY MCMULLIN, AND SIBU CORPORATE DESIGNEE BRUCE MCMULLIN HAVE DEMONSTRATED THAT SIBU'S RESPONSES TO THE DOCUMENT REQUESTS ARE DEFICIENT.

Document Request No. 12 requested all studies or surveys conducted regarding the SIBU marks. However, the depositions have revealed that SIBU has failed to produce all documents pertaining to such studies or surveys.

Moreover, despite the fact that Document Requests Nos. 13 through 15 seek all documents reflecting the <u>use of the SIBU marks in commerce</u> and/or reflect any <u>marketing, sales or promotional materials of SIBU</u>, SIBU has failed to produce an inordinate number of responsive documents. To be certain, SIBU identified the **existence of and failure to produce** (1) promotional and marketing videos produced by or on behalf of SIBU, LLC (including, without limitation, those produced for posting on www.sibubeauty.com and YouTube); (2)

television, radio, and print interviews with Bruce McMullin promoting SIBU; (3) certain "flashcards" prepared by a marketing company and presented to the McMullins pertaining to the selection of the SIBU marks[13]; (4) agreements with retail vendors that sell SIBU (including but not necessarily limited to agreements with iHerb.com, GNC, GNC franchisees, www.beauty.com and www.drugstore.com, Mother's Seattle Super Supplements, New Leaf, New Seasons, Harmon's, and Vitamin Cottage)[14]; (5) articles referred to on the "news" section of www.sibubeauty.com; (6) records indicating which GNC, Wholefoods, and other stores sell SIBU-branded products; (7) SIBU's agreements with its "distributors"; (8) the email list that SIBU uses to send marketing and promotional emails and the marketing and promotional emails it has sent; (9) SIBU's advertising agreements and order forms relating to its television, radio, and print promotions (including, but not limited to, those with The Shopping Channel, Elle Magazine, and ShopNBC).

Furthermore, Document Request No. 20 seeks all documents which reflect revenues derived by SIBU from the sale of any products or services associated with any of the SIBU Marks. While SIBU produced some documents and then represented that it had not withheld any responsive documents, the deposition of SIBU's corporate designee revealed that SIBU has failed to produce: (1) SIBU, LLC's federal and state tax returns for 2005 through 2012; (2) SIBU's profit and loss statements, balance sheets, year-end salary reports, MAP agreements, and general ledger for 2005 to the present; (3) records showing sales through www.sibubeauty.com; (4) records showing Internet sales of SIBU, LLC products by sales channel; (5) records showing the name or address of any person who purchased any SIBU-branded product online; (6) records

---

[13] Also responsive to Plaintiff's Second Request for Production of Documents No. 3 ("All documents that reference, demonstrate, or otherwise reflect the process by which any of the SIBU marks were selected or the reason for such selection.").
[14] Including all corporate, regional, and store approvals granted to sell SIBU-branded products.

of sales of SIBU-branded products by state; and (7) checks and sales reports from retail vendors of SIBU-branded products.

Finally, in response to Document Request No. 23, seeking all documents reflecting customer complaints regarding any product or service marketed, offered for sale, or sold using any of the SIBU Marks, SIBU initially indicated that it would produce such documents upon the entry of a protective order, but failed to produce any responsive documents. While some documents have been produced, SIBU has **still** failed to provide: (1) all customer service emails transmitted by the "Contact Us" form at www.sibubeauty.com; and (2) all customer service "reports" created as a result of a customer complaint.[15]

As outlined above, SIBU should be compelled to provide full and complete responses to the Document Requests.

### C. THE DEFENDANT'S FAILURE TO COMPLY WITH ITS DISCOVERY OBLIGATIONS WARRANTS APPROPRIATE DISCOVERY SANCTIONS.

"Sanctions are imposed under Fed. R. Civ. P. 37 and E.D. Va. R. 37(D). Sanctions may be imposed in the court's discretion where a party fails to comply with a discovery order entered by the court." *Wu v. Tseng*, 2008 WL 4360990 at*3 (E.D. Va. 2008) (Morgan, J.) "Sanctions for this type of behavior may include the following:

> (i) directing that matters embraced in the [discovery] order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated materials into evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;

---

[15] SIBU admits that it receives 50 to 60 customer complaints each year.

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party;

(vii) treating it as contempt of court the failure to obey any order except an order to submit to a physical or mental examination....

(C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

*Id*. (citing FED.R.CIV.P. 37(b)(2)). "Sanctions may also be imposed where a party fails to disclose information or supplement an earlier response." *Id*. (citing *See* FED.R.CIV.P. 37(c)(1)). To sanction a party for this behavior, a court:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2) [listed above].

1. **Standard of Review for Discovery Sanctions.**

"In the Fourth Circuit, a four part test is used to determine whether sanctions are appropriate and what sanctions should be imposed." *Id*. at *4 (citing *Anderson v. Found., for Advancement, Educ., and Employment of Am. Indians,* 155 F.3d 500, 504 (4th Cir. 1998)). Indeed, "[u]nder this test, '[t]he Court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of noncompliance, and (4) whether less drastic sanctions would have been effective.'" *Id.* However, "[s]anctions are not appropriate 'when it has been established that

9

failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of the non-complying party.'" *Id*. (citing *Wilson v. Volkswagen of Am.,* 561 F.2d 494, 503 (4th Cir.1977)).

### a. SIBU has acted in bad faith.

Here, just as in *Wu v. Tseng*, it is clear that SIBU has acted in bad faith. Indeed, it is abundantly clear that SIBU failed to provide more than 30 categories of documents which clearly exist, are undoubtedly responsive, and are admittedly in the possession, custody or control of SIBU. Only during the depositions of SIBU's officers was it made known that these documents existed and that they were never produced. The failure to provide these documents is **stark** in light of the representations made by SIBU to both counsel and the Court that no documents were being withheld, in light of the Court's previous Order granting the motion to compel, and in light of when it was revealed.[16]

### b. SIBU's noncompliance prejudices Bubbles.

As previously mentioned, SIBU's noncompliance has prejudiced Bubbles. Specifically, at the time this Motion will be heard, discovery will be closed and Bubbles will not have the ability to conduct additional discovery. SIBU's failure to properly comply with its disclosure and discovery obligations has: (1) denied Bubbles the opportunity to depose or seek documents from **no fewer than 71** persons with information relevant to this action; and (2) forced Bubbles to conduct depositions without the benefit of all of the relevant information and documents, such that an inordinate amount of time during those depositions was spent discussing what documents exist but had not been produced.

---

[16] Bubbles was only informed of the existence of these documents during the course of depositions, when it cannot use those documents to prepare for the depositions or conduct additional discovery.

### c. An appropriate sanction should be imposed to deter similar discovery infractions.

"The defendants' noncompliance must be deterred because it presents a consistent pattern of indifference and disrespect for the authority of this Court." *Mya Saray, LLC v. Al-Amir*, 831 F. Supp. 2d 922, 934 (E.D.Va. 2011) (Trenga, J.). To date, Bubbles has not received sufficient discovery responses from SIBU; namely, SIBU has failed to properly respond to both the Interrogatories and Request for Production of Documents. As evidenced by SIBU's attempt to abandon its Counterclaim at the 11th hour, it is apparent that this behavior demonstrates a lack of appreciation, understanding, and adherence to the judicial process. This sort of behavior should be deterred. *See also Truell v. Regent University School of Law*, 2006 WL 2076769, at * 6 (E.D.Va. 2006) (Jackson, J.).

### d. SIBU's conduct warrants an appropriate sanction.

Here, a four-part discovery sanction is warranted. *See generally Progressive Cas. Ins. Co. v. Cockrell's Marine Railway, Inc.*, 2007 WL 3275153 (E.D.Va. 2007). First, SIBU should be compelled to produce full and complete responses to Bubbles' discovery requests no later than close of business on Wednesday, September 18, 2013. Second, Bubbles should be granted the right to conduct additional discovery *to be completed by a date certain*. Third, SIBU should be compelled to re-produce the witnesses previously deposed by Bubbles to complete their depositions, at the offices of the undersigned counsel, at SIBU's sole cost. Fourth, Bubbles should be awarded its attorneys' fees incurred in filing this Second Motion to Compel and the fees associated with any future depositions of the aforementioned deponents. In the alternative, SIBU should be precluded from offering any evidence or testimony on any of the following likelihood of confusion factors: (1) the strength or distinctiveness of the marks as actually used

in the marketplace; (2) the similarity of the two marks to consumers; (3) the similarity of the goods or services that the marks identify; (4) the similarity of the facilities used by the markholders; (5) the similarity of advertising used by the markholders; (6) the defendant's intent; (7) actual confusion; (8) the quality of the defendant's product; and (9) the sophistication of the consuming public.

### III. CONCLUSION

In consideration of the foregoing, Plaintiff Bubbles, Inc. respectfully requests that this Court enter an order consistent with Section II(C)(1)(d) above by compelling Defendant SIBU, LLC to fully and completely respond to Bubbles' First Set of Interrogatories and First Request for Production of Documents no later than September 18, 2013; awarding Plaintiff its attorneys' fees and costs incurred in bringing the instant motion and for future depositions; granting an extension of discovery for Bubbles, Inc. only; and for such other and further relief as this Court deems appropriate.

Dated: **September 13, 2013**          Respectfully Submitted,

BUBBLES, INC.
By counsel

_____/s/_____
Jonathan D. Frieden, Esquire (VSB No. 41452)
Stephen A. Cobb, Esquire (VSB No. 75876)
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
(703) 218-2100
(703) 218-2160 (facsimile)
Jonathan.Frieden@ofplaw.com

Stephen.Cobb@ofplaw.com
*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 13, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF), to the following:

    Jon A. Schiffrin, Esq.
    SCHIFFRIN & LONGO, P.C.
    8201 Greensboro Drive, Suite 300
    McLean, Virginia 22102
    (703) 288-5248
    (703) 288-4003 (facsimile)
    jon@schiffrinlaw.com
    *Counsel for Defendant*

    /s/
Jonathan D. Frieden, Esquire (VSB No. 41452)
Stephen A. Cobb, Esquire (VSB No. 75876)
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
(703) 218-2100
(703) 218-2160 (facsimile)
jonathan.frieden@ofplaw.com
stephen.cobb@ofplaw.com
*Counsel for Plaintiff*