IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BUBBLES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:13-cv-260 |
| ) | |
| SIBU, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## **ORDER**

This case was scheduled for trial on January 13, 2014, on which date the parties appeared and represented to the Court, through counsel, that the case had been settled. A dispute subsequently arose concerning that settlement, resulting in Plaintiff Bubbles, Inc.'s Motion to Enforce Settlement Agreement [Doc. No. 136] ("the Motion to Enforce"). The Court held a hearing on the Motion to Enforce on February 21, 2014, following which the Court took the matter under advisement pending further submissions by the parties. On February 24, 2014, the Court received from Defendant's counsel a letter indicating that Defendant had decided to withdraw certain of its objections to the Motion to Enforce. On February 28, 2014, the parties filed a Consent Motion for Entry of Order Establishing Settlement Terms [Doc. No. 152] ("the Consent Motion").

Upon consideration of the Motion to Enforce, the Consent Motion, and the letter referenced herein, it is hereby

ORDERED that:

(1) This case be, and the same hereby is, DISMISSED as settled according to the terms set forth on Paragraph 2 of the draft Consent Motion to Remove or Continue Trial Date so that

the Parties May Reduce their Settlement Agreement to Writing, attached hereto as Exhibit A, which terms shall constitute a valid and binding settlement agreement between the parties, and which this Court shall retain jurisdiction to enforce;

(2) Plaintiff's request for sanctions, set forth in its Motion to Enforce, be, and the same hereby is, DENIED, and the Motion to Enforce Settlement Agreement [Doc. No. 136] is, by this Order and upon the agreement of the parties, otherwise moot;

(3) This Order is issued without prejudice to either party's right to file a separate action to enforce the settlement agreement.

The Clerk is directed to forward copies of this Order to all counsel of record.

/s/
_____
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
March 6, 2014

# EXHIBIT A

Case 1:13-cv-00260-AJT-TRJ Document 153 Filed 03/06/14 Page 3 of 7 PageID# 4583

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| BUBBLES, INC.<br><br>    Plaintiff,<br><br>v.<br><br>SIBU, LLC,<br><br>    Defendant. | Civil Action No. 1:13cv260 AJT/TRJ |

**CONSENT MOTION TO REMOVE OR CONTINUE TRIAL DATE SO THAT THE PARTIES MAY REDUCE THEIR SETTLEMENT AGREEMENT TO WRITING**

COMES NOW Plaintiff Bubbles, Inc., by counsel and with the consent of Defendant SIBU, LLS, and files this Consent Motion to Remove or Continue Trial Date so that the Parties May Reduce Their Settlement Agreement to Writing, setting forth the following:

1. Trial in this matter is set to being on Monday, January 13, 2013.

2. The parties have agreed to settle their dispute on the following terms: (1) By August 31, 2015, SIBU, LLC ("*Sibu*") shall change its use of the Sibu Marks as follows: The "S" in SIBU (wherever it appears in the Sibu Marks) would always be capitalized, the "-IBU" would always be presented in all lower case letters or a combination of upper case and lower case letters, and "Sibu" would always be used adjacent to (or immediately above or below) "Sea Buckthorn," in the same style and color of font. The size of the font for "Sea Buckthorn" would be at least 75 % of the size of the font used for "Sibu," if that can be done, using Sibu's best efforts; if it cannot be done, Bubbles would be permitted to review and approve the new presentation of the mark, which Sibu will present to Bubbles no later than January 17, 2013. For the purpose of this term, being adjacent or immediately above or below one another requires that

1

there be no alphanumeric character separating the elements and that the elements be no further apart than the size of the largest letter used in either element; (2) Sibu shall not use any mark in any manner which is confusingly similar to any of Bubbles, Inc.'s marks. Any claim arising from this term would be submitted to a mediator for resolution; (3) Sibu shall withdraw its objection to any trademark application or amendment filed by Bubbles, Inc. ("Bubbles") and shall further consent to each such application or amendment; (4) Sibu shall not, directly or indirectly (whether through an agent, affiliate, subsidiary, or otherwise), market or sell any hair care products using any mark containing the word "SIBU"; (5) Sibu shall not, directly or indirectly (whether through an agent, affiliate, subsidiary, or otherwise) market or sell any product through any hair salon or beauty shop using any mark containing the word "SIBU"; (6) All communications to Sibu about CIBU-branded products must be directed to Bubbles within 48 hours; (7) None of the Sibu Marks would be assigned or transferred (even as part of an asset sale or transfer of the ownership of Sibu) unless the assignee or transferee agreed to be bound by the terms of our settlement agreement; (8) Sibu shall pay to Bubbles the sum of $50,000, in 24 equal, monthly installments starting on February 28, 2013. If Sibu completely rebrands its products and ceases use of any mark which includes "SIBU," the remaining payment otherwise due after such rebrand need not be paid; (9) Sibu may keep its trademark registrations for supplements and beauty products and file a new application for Sibu covering sea buckthorn extracts used in nutriceutical and cosmeceutical products, as long as the marks referenced in those applications and registrations are not confusingly similar to any of Bubbles's marks. Any claim arising from this term would be submitted to a mediator for resolution; (10) Bubbles shall not, directly or indirectly (whether through an agent, affiliate, subsidiary, or otherwise) market or sell any consumable nutritional supplement using any mark containing the word "CIBU."

Bubbles hall not, directly or indirectly directly or indirectly (whether through an agent, affiliate, subsidiary, or otherwise) market or sell any hair care product in Whole Foods, Sprouts or selected natural foods stores (but Bubbles would need to see a list of those stores before we could agree); (11) The parties shall execute a mutual release of all claims and consent to the voluntary dismissal of the pending civil action; (12) As to the parties obligations under paragraphs 2, 4, 5, 9, and 10, a party alleged to have breached will be given an opportunity to cure the alleged breach within ten days after written notice of the breach is issued; (13) The parties will enter into a written settlement agreement, in language agreeable to both, which contains the terms set forth herein and customary boilerplate (including, without limitation, attorney's fees and injunctive relief without bond provisions). Virginia law will govern the agreement and any dispute arising out of the agreement will be adjudicated in the federal court sitting in Alexandria, Virginia or, if the federal court does not have jurisdiction over the dispute, the state courts sitting in Fairfax County, Virginia.

3. The parties respectfully request that the current trial date be removed or continued so that they may reduce their settlement agreement to writing

4. Defendant SIBU, LLC consents to this motion.

WHEREFORE, in consideration of the foregoing, the parties respectfully request that the Court remove or continue the trial date from January 13, 2013.

        Respectfully Submitted,

        BUBBLES, INC.
        By counsel

_____/s/_____
Jonathan D. Frieden, Esquire (VSB No. 41452)
Leigh M. Winstead, Esquire (VSB No. 80735)
ODIN, FELDMAN & PITTLEMAN, P.C.

1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
(703) 218-2100
(703) 218-2160 (facsimile)
Jonathan.Frieden@ofplaw.com
Stephen.Cobb@ofplaw.com
Leigh.Winstead@ofplaw.com
*Counsel for the Plaintiff Bubbles, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 26, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF), to the following:

Jon A. Schiffrin, Esq.
SCHIFFRIN & LONGO, P.C.
8201 Greensboro Drive, Suite 300
McLean, Virginia 22102
(703) 288-5248
(703) 288-4003 (facsimile)
jon@schiffrinlaw.com
*Counsel for Defendant*

                                              /s/
Jonathan D. Frieden, Esquire (VSB No. 41452)
Leigh M. Winstead, Esquire (VSB No. 80735)
ODIN, FELDMAN & PITTLEMAN, P.C.
1775 Wiehle Avenue, Suite 400
Reston, Virginia 20190
(703) 2182100
(703) 218-2160 (facsimile)
jonathan.frieden@ofplaw.com
leigh.winstead@ofplaw.com
*Counsel for Plaintiff*

#2278299v1

4